UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INVENTEC PERFORMANCE CHEMICALS USA LLC, <br><br> Plaintiff, <br><br> v. <br><br> OPTIMAL SERVICES LLC, AMTECH MANUFACTURING LLC, AMTECH LLC, AMTECH DISTRIBUTION LLC, MARK MILLER, et al., <br><br> Defendants. | CIVIL ACTION NO. 3:22-01252 (RNC) <br><br><br><br> DECEMBER 22, 2022 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, OPTIMAL SERVICES LLC, AMTECH MANUFACTURING LLC, AMTECH LLC, AMTECH DISTRIBUTION LLC, AND MARK MILLER'S MOTION TO DISMISS**

i

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

MEMORANDUM OF LAW ...................................................................................................... 1

   I.   INTRODUCTION ........................................................................................................ 1

   II.  ARGUMENT ................................................................................................................ 1

       A.  Legal Standard ...................................................................................................... 1

       B.  Plaintiff's Complaint Should Be Dismissed As It Is A "Shot-Gun Pleading" ................. 3

       C.  Incorporating Every Count into All Subsequent Counts ..................................................... 4

       D.  Multiple Transactions are Included in Each Count ........................................................... 5

   III.  CONCLUSION ........................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Cases**

*Alexander v. City of Syracuse*,
  2018 WL 6591426 *3 (2018) ............................................................................................. 3, 6
*Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty. Coo.*,
  777 F.3d 364 (11th cir. 1996) ................................................................................................ 4
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) (quoting Bell Atl. Corp. at 570) ........................................................... 2
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................... 1, 2
*Croons v. New York State Office of Mental Health*,
  18 F.Supp.3d 193 (2014) .................................................................................................... 3, 4
*Edwards v. Prime, Inc.*,
  602 F.3d 1276 (11th Cir. 2010) ............................................................................................. 3
*Fin. Sec. Assur., Inc. v. Stephens, Inc.*,
  500 F.3d 1276 (11th Cir. 2007) ............................................................................................. 3
*Jaddo v. Town and City of Stamford, Connecticut, Slip Copy*
  (2022) 2022 WL 2168077 at 6 (citing 5A Fed. Prac. & Proc. Civ. § 1324 (4th ed.). .............. 3, 5
*McCarter & English, LLP v. Jarrow Formulas, Inc.*,
  2020 WL 5074303 (2020) ................................................................................................... 3, 4

**Statutory Authorities**

5A Fed. Prac. & Proc. Civ. § 1324 (4th ed.) ................................................................................. 3

**Rules and Regulations**

Fed. R. Civ. P. 10(b) ..................................................................................................................... 1
Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 1
Fed. R. Civ. P. 8(a)(2) ................................................................................................................... 1

**MEMORANDUM OF LAW**

I.     **INTRODUCTION**

The Federal Rules of Civil Procedure require a plaintiff to plead facts showing how and why each defendant named in the complaint is liable for each count in which it is named. The Complaint in this case fails to put each defendant on notice of its alleged role in the conduct at issue. All factual allegations are incorporated into each count and the allegations of each count are incorporated into all successive counts. This makes it impossible for each individual defendant to ascertain what facts are related to which count. Additionally, allegations are made against the Defendants collectively without specifying the action of a particular Defendant that Plaintiff alleges give rise to liability for a particular Defendant. By generally alleging that the "Defendants" performed some activity without clarifying which Defendant performed the action, Plaintiff fails to address "how" and "why," each Defendant individually is liable for any particular cause of action. The Complaint fails to provide each Defendant with fair notice of what the Defendant is claimed to have done and the grounds for such claim. Such a "shotgun pleading" is plainly insufficient as a matter of law, makes it impossible for each Defendant to answer the allegations and will result in inefficient utilization of judicial and private resources if allowed to proceed. As such, Defendants respectfully submit that Plaintiff's Complaint should be dismissed, for the reasons set forth below.

II.     **ARGUMENT**

    **A.  Legal Standard**

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim

1

is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Fed. R. Civ. P. 10(b) requires that a complaint must contain "numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that, when it promotes clarity, "each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense."

Although Rule 8 does not require "detailed factual allegations," "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. at 570). Thus, Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft* at 678. To determine whether a pleading meets the Rule 8(a)(2) standard, the court conducts a two-part analysis.

First, the court should identify and disregard legal and factual conclusions "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. The court also should disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. at 678; see also *Bell Atl. Corp*. at 555 ("formulaic recitation of the elements of a cause of action will not do"). The court only accepts as true all "well-pleaded factual allegations." *Ashcroft* at 678-79.

Second, the court must decide "whether [the well-pleaded facts] plausibly give rise to an entitlement to relief." *Id*. at 679. In determining whether a claim is plausible, the court must distinguish between allegations that are "merely consistent with" liability (in which case, the claim "stops short of" being plausible) and allegations "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Bell Atl. Corp*. at 556). Sufficient facts must be alleged to "nudge[]" "claims across the line from

conceivable to plausible" to survive a motion to dismiss. *Bell Atl. Corp*. at 570; see also *Ashcroft* at 678. "Stated differently, the factual allegations in the complaint must possess enough heft to set forth a plausible entitlement to relief." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); see also *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) ("necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory").

Rule 10 requires that "'each claim founded on a separate transaction or occurrence … must be stated in a separate count' if doing so would promote clarity." *Jaddo v. Town and City of Stamford, Connecticut, Slip Copy* (2022) 2022 WL 2168077 at 6 (citing 5A Fed. Prac. & Proc. Civ. § 1324 (4th ed.). Rule 10 can be relied upon to require "separate statements where a complaint does not distinguish the claims being asserted against multiple defendants. 5A Fed. Prac. & Proc. Civ. § 1324 (4th ed.).

**B. Plaintiff's Complaint Should Be Dismissed As It Is A "Shot-Gun Pleading"**

A complaint that violates Rule 8 or 10 has been referred to as "'shotgun pleading,' a document that makes it 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Alexander v. City of Syracuse*, 2018 WL 6591426 *3 (2018). See also *McCarter & English, LLP v. Jarrow Formulas, Inc.*, 2020 WL 5074303, *4 (2020) (providing examples of cases that involve shotgun pleadings). Requiring the Complaint to conform to the requirements of Rules 8 & 10 narrows the issues for discovery and promotes judicial economy by providing clarity. *Croons v. New York State Office of Mental Health*, 18 F.Supp.3d 193, 199 (2014).

> While [a shotgun] pleading probably requires a smaller investment of time and fewer resources to draft and file, in the longer run it amounts to more work for everyone involved in the litigation. It leaves the defendants confused about which one of them has been sued (and for what). It requires the plaintiff to explain in other

3

>filings made during the course of the litigation 'what he really meant to say' when he drafted the pleading. And most importantly, it wastes judicial resources, since the task of sorting out all this confusion always falls squarely on the Court itself.

*Alexander v. City of Syracuse* at *3.

The instant Complaint is a "shot-gun pleading" in at least two different ways. First, each count is reincorporated into every subsequent count, rendering the Complaint impossible to respond to,  see, *Croons* at 199 (referring to the Amended Complaint, which "incorporates all of the factual allegations preceding it as well as adopting all of the allegations of each preceding count" as a "shotgun pleading""). Counts II, III, and IV of the Complaint "repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein." (DKT 1 ¶¶ 115, 128, & 144). Second, the complaint is a shotgun pleading because it is unclear what defendants are being sued for what actions. See, *McCarter & English, LLP* at *4. Despite naming five defendants and including 10 unnamed defendants, the Complaint states that "the Defendants act as a common enterprise. Each count contained herein is alleged against all Defendants." DKT 1 ¶ 101. This ambiguity makes it impossible to determine which of the Defendants are being accused of the allegations in each Count. Dismissal of the Complaint is necessary because the ambiguities of the pleading do not state a claim on which relief may be granted.

### C.  Incorporating Every Count Into All Subsequent Counts

Paragraphs 1-101 of the Complaint contain jurisdictional, venue, and general background allegations. Count I incorporates paragraphs 1-101. Count II of the Complaint begins at paragraph 115 and incorporates "each and every allegation contained in the paragraphs above," which are paragraphs 1-114. Count III of the Complaint begins at paragraph 128 and incorporates "each and every allegation contained in the paragraphs above," which are paragraphs 1-127. Count IV of the Complaint begins at paragraph 144 and incorporates "each and every allegation contained in the paragraphs above," which are paragraphs 1-143.   The Complaint is an example of a "shot-

gun pleading," making it "'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Croons* at 199 (quoting *Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty. Coo.*, 777 F.3d 364, 366 (11th cir. 1996). By reincorporating each count into subsequent counts, the Complaint fails to be clear and concise as required by Fed. R. Civ. P. 8(a)(2) and should therefore be dismissed.

### D. Multiple Transactions Are Included In Each Count

The Compliant often refers to the five named Defendants and ten unnamed Defendants collectively and alleges that "the Defendants act as a common enterprise" and that each count "is alleged against all Defendants." (Dkt. 1 ¶ 101). But the Complaint also at times refers to the Defendants individually or as a "group of corporate Defendants" that operate as a single entity controlled by another Defendant. (Dkt. 1 ¶ 61). "Courts have relied on Rule 10(b) in order to separate statements where the complaint does not distinguish the claims being asserted against multiple defendants…" *Jaddo* at *6. Here, it is necessary to separate out the allegations against each Defendant so that it is clear what transaction, and by which actor, gives rise to the alleged liability.

For example, the Complaint states, "Defendant's unauthorized use in commerce of the AMTECH mark and the Product Trademarks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services and is likely to cause mistake or confusion and to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff." (Dkt 1 ¶ 108). Despite the Complaint's conclusory remarks that "the Defendants act as a common enterprise" and "Defendants act as a single entity," it is unclear how the Defendants, who include four separate

legal entities, an individual, and unnamed individuals, can complete any single transaction that results in a use in commerce of any trademark. (Dkt 1 ¶¶ 15 & 101). In order to properly comprehend and defend the allegations, and promote judicial economy, it is necessary "to connect the various theories of liability to particular defendant or defendants allegedly responsible for each violation," which this complaint fails to do. *Alexander v. City of Syracuse* at *3.

The Complaint is replete with recitations of acts performed by the Defendants without providing any indication of which Defendant is accused of the transaction or providing any legal theory as to why the Defendants should be treated as a single entity. (See, Dkt. 1 ¶¶ 42, 45, 70-76, 80-82, 91, 94-101, 103, 105, 107-113, 122-126, 129, 130, 132-134, 137-139, 142, 145-151). In each of these instances, it is unclear who is being accused of what. Therefore, the Complaint must be dismissed for failing to clearly state a claim on which relief may be granted.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint pursuant to Federal Rules of Civil Procedure 8(a)(2), 10(b), and 12(b)(6) for failing to contain a short and plain statement of the claim showing that the pleader is entitled to relief and failure to state a claim upon which relief may be granted.

> THE DEFENDANTS
> OPTIMAL SERVICES LLC, AMTECH
> MANUFACTURING LLC, AMTECH
> LLC, AMTECH DISTRIBUTION LLC,
> AND MARK MILLER
> BY THEIR ATTORNEY
>
> /s/ Stephen J. Curley/ct09821
> Stephen J. Curley (ct #09821)
> Law Offices of Stephen J. Curley, LLC
> Six Landmark Square, Fourth Floor
> Stamford, CT 06901
> Telephone (203) 327-1317
> Facsimile (203) 276-8768
> Email: scurley@cur-law.com

<u>CERTIFICATION</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a true and correct paper copy of the foregoing will be sent those indicated as non-registered participants via first class mail, postage prepaid, on this the 22nd day of December, 2022:

Lori L. Cooper, Esq.
Karin Segall, Esq.
Leason Ellis LLP
One Barker Avenue, Fifth Floor
White Plains, NY 10601

<u>/s/Stephen J. Curley</u>
Stephen J. Curley
