THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INVENTEC PERFORMANCE CHEMICALS USA LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>OPTIMAL SERVICES LLC, AMTECH MANUFACTURING LLC, AMTECH LLC, AMTECH DISTRIBUTION LLC, MARK MILLER, et al.,<br><br>    *Defendants*. | Civil Action No. 3:22-01252 (RNC)<br><br>Filed: January 12, 2023 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS, OPTIMAL SERVICES LLC, AMTECH MANUFACTURING LLC, AMTECH LLC, AMTECH DISTRIBUTION LLC, AND MARK MILLER'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

I.  INTRODUCTION ...........................................................................................................1

II. THE COMPLAINT........................................................................................................2

III. LEGAL STANDARD....................................................................................................3

IV. ARGUMENT .................................................................................................................4

    A.  Defendants Have Not Met Their Burden Of Proof Under Rule 12(B)(6).................. 4

    B.  As Plaintiff's Complaint Unambiguously States That All Counts Are Against All Defendants Acting as a Single Coordinated Entity, the Complaint Is Not A "Shotgun Pleading" ....................................................................................................... 6

        1.  Plaintiff's Complaint Complies With Rule 8(a)(2) By Providing Defendants Sufficient Notice Of The Claims Against Them And The Factual Bases Therefor. 7

        2.  Plaintiff's Complaint Complies with Rule 10(b) ....................................................... 9

V.  CONCLUSION..............................................................................................................11

## **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................... 3, 4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................... 4

*Birch v. Town of New Milford*,
  No. 3:20-cv-1790 (VAB), 2021 WL 4932405 (D. Conn. Sept. 24, 2021) ................... 1

*Croons v. New York State Off. of Mental Health*,
  18 F. Supp. 3d 193 (N.D.N.Y. 2014) ........................................................................... 6

*Dunlop–McCullen v. Local 1–S RWDSU–AFL–CIO*,
  No. 94 Civ. 1254(JSM), 1994 WL 478495 (S.D.N.Y. Sept. 1, 1994) ....................... 8

*Greater New York Auto. Dealers Ass'n v. Env't Sys. Testing, Inc.*,
  211 F.R.D. 71 (E.D.N.Y. 2002) .................................................................................... 9

*Jaddo v. Town & City of Stamford, Connecticut*,
  No. 3:21-CV-350 (OAW), 2022 WL 2168077 (D. Conn. June 16, 2022) ............... 10

*McCarter & English, LLP v. Jarrow Formulas, Inc.*,
  No. 3:19-CV-01124 (MPS), 2020 WL 5074303 (D. Conn. Aug. 27, 2020) ........... 6, 7

*Original Ballet Russe v. Ballet Theatre*,
  133 F.2d 187 (2d Cir. 1943) .......................................................................................... 4

*Rizvi v. Allstate Corp.*,
  No. 3:18-CV-01921 (VAB), 2019 WL 4674658 (D. Conn. Sept. 25, 2019) ........... 4, 9

*Swierkiewicz v. Sorema N.A.*,
  534 U.S. 506 (2002) ................................................................................................... 3, 4

*United Rentals, Inc. v. Wilper*,
  No. 3:21-CV-01445 (VLB), 2022 WL 4120789 (D. Conn. Sept. 9, 2022) ................ 3

*Wynder v. McMahon*,
  360 F.3d 73 (2d Cir. 2004) ........................................................................................ 4, 8

*Zuppe v. Elite Recovery Servs., Inc.*,
  No. 3:05CV857 (JBA), 2006 WL 47688 (D. Conn. Jan. 5, 2006) ............................. 4

**Rules**

Fed. R. Civ. P. 10 .................................................................................................................. 9

Fed. R. Civ. P. 10(c) ................................................................................................... 10, 11

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 3, 4

Fed. R. Civ. P. 12(e) ........................................................................................................... 4

**Treatises**

5 Wright & Miller, *Federal Practice & Procedure* § 1202 at 73 (2d ed.1990) ............................. 9

**I.      INTRODUCTION**

Defendants fail to cite a single case from this district or in the Second Circuit that has dismissed a complaint for being a "shotgun pleading." Instead, at least one court in this district has questioned whether such relief is even available in the Second Circuit. *See Birch v. Town of New Milford*, No. 3:20-cv-1790 (VAB), 2021 WL 4932405 (D. Conn. Sept. 24, 2021). In any event, such relief is not warranted. Plaintiff's Complaint clearly sets forth the simple story of a terminated distributor, its manager, and several related companies that continue to sell under Plaintiff's brand name, perpetuating confusion and spreading false narratives. Individual defendant, Mark Miller, is the manager of defendant Optimal Services, LLC, a terminated distributor of Plaintiff's AMTECH products. As alleged in the Complaint, Miller owns, is the sole officer of, and/or controls each of the named company defendants.

Hiding behind this purposely opaque network of companies bearing the AMTECH name, Mr. Miller sells infringing knock-offs of Plaintiff's products. As also alleged in the Complaint (and as documented by various public records referred to in the Complaint), these entities act as interchangeable alter egos for Mr. Miller, well aware he is playing a shell game of obfuscation to confuse consumers and to usurp Plaintiff's rights. The current motion attempts to prolong this confusion and consequent harm to Plaintiff, hiding behind the complexity of Miller's creation to assert that defendants do not know which claims are being alleged against which defendants. Paragraph 101 of the Complaint clearly states that "[i]n view of the interrelationship, common ownership, common management, and interchangeability of trading names, the Defendants act as a common enterprise. Each count contained herein is alleged against all Defendants." Dkt. 1 at ¶ 101. Not only has Plaintiff precisely alleged that the defendants act as a single enterprise, but Plaintiff has additionally specified (without the benefit of discovery) actionable activities that tie each defendant to the complained-of acts.

1

Plaintiff's Complaint sets forth organized factual allegations followed by four numbered counts asserted against all defendants with each count further supported by reference to pertinent facts in full compliance of the pleading requirements. Considering that the specificity and comprehensiveness of the Complaint were made necessary by defendants' own byzantine structure and obfuscatory tactics, the *ipse dixit* claim of "shot gun" pleading can only be seen as bad faith.

## II.     THE COMPLAINT

The Complaint in this action has been filed against five named defendants—four private companies and an individual. The Complaint is organized by clearly labeled sections. After identifying the basis for personal jurisdiction over each defendant, the sub-headings of the factual allegations are:

- Inventec's AMTECH Products, And Its Trademarks
- Inventec's Former Distributor: Optimal And Mark Miller
- Defendants' Infringing Activities
- The Unauthorized '626 Trademark Application
- The Defendants' Sale Of Infringing Products
- YouTube Influencer Videos And False Claims Of Originality

The Complaint alleges four causes of action set forth in four separate counts at the end of the Complaint, (*see* Dkt. 1 at ¶¶ 102-114 (Count I); *Id*. at ¶¶ 115-127 (Count II); *Id*. at ¶¶ 128-143 (Count III); and *Id*. at ¶¶ 144-151 (Count IV)). The four counts also separately set forth several paragraphs of pertinent factual allegations.

The heart of the Complaint centers on a now-terminated, but once authorized, distributor, its manager, and related companies that continue to sell knock-off products under Plaintiff's brand without the consent or authorization of Plaintiff. Defendant Mark Miller is the manager of

Defendant Optimal Services LLC, dba Amtech Direct (Optimal was formerly an authorized distributor of Plaintiff's AMTECH-brand surface mount technology products (e.g., solder). (*See* Dkt. 1 at ¶ 29). Plaintiff terminated Optimal in August 2021. (*Id*. at ¶ 39). Upon information and belief, one or more of Defendants own the domains <amtechdirect.com> and <amtechsolder.com> and operate the website located at www.amtechdirect.com.  (Dkt. 1 at ¶¶ 70-71).  This website is one avenue through which Defendants sell infringing product. (*Id*. at ¶ 72). Further, the Complaint sets forth allegations relating to false advertising centered on Defendants' claims that it is the "original" AMTECH.  (*See, e.g.*, Dkt. 1 at ¶¶ 82-96).

In addition, the Complaint provides additional clarity and specificity through the incorporation of photos of Defendants' infringing products, screenshots of defendants' infringing website and infringing Amazon storefront, and excerpts from the videos containing the defendants' false claims. (*E.g.*, Dkts. 1-8 – 1-14).

### III.  LEGAL STANDARD

The Court is no doubt aware of the standards for motions under Federal Rule of Civil Procedure 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion for failure to state a claim under Rule 12(b)(6), Defendants bear the burden of proof. *See, e.g.*, *United Rentals, Inc. v. Wilper*, No. 3:21-CV-01445 (VLB), 2022 WL 4120789, at *1 (D. Conn. Sept. 9, 2022).

Rule 8(a) governs the pleading requirements.  According to the Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, Rule 8 pleading is extremely permissive.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). Rule 8(a)(2) simply "provides (a) that a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and (b) that such a statement simply 'give the defendant fair notice of what the plaintiff's claim is and the

3

grounds upon which it rests.'" *Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004) (quoting *Swierkiewicz*, 534 U.S. at 512 (2002) (internal citations and quotations omitted)).  Rule 8 "does not require 'detailed factual allegations' but it demands more than unadorned the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1]

Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in numbered paragraphs" and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Rule 10(b) also provides that a "later pleading may refer by number to a paragraph in an earlier pleading."  "Under Rule 10(b) a separation of claims into separate counts is mandatory only when necessary to facilitate clear presentation." *Rizvi v. Allstate Corp.*, No. 3:18-CV-01921 (VAB), 2019 WL 4674658, at *4 (D. Conn. Sept. 25, 2019) (quoting *Original Ballet Russe v. Ballet Theatre*, 133 F.2d 187, 189 (2d Cir. 1943)).  Further, "dismissal is not the appropriate remedy for a failure to state claims in separate counts as required by Rule 10(b)." *Id.* at *4, *7 (citation omitted).

## IV.  ARGUMENT

### A.  Defendants Have Not Met Their Burden Of Proof Under Rule 12(B)(6)

Defendants have woefully failed to carry their burden of making out a colorable argument to dismiss under Rule 12(b)(6).  While Defendants set out the legal standard for motions under Rule 12(b)(6), they do not undertake such analysis, failing to identify a single element of any cause

---

[1] Some of the cases discussed were brought under Fed. R. Civ. P. 12(e).  Language used by Defendants may invoke Rule 12(e).  *E.g.*, "In order to properly comprehend and defend the allegations . . ." (Mot. at 6).  Plaintiff's arguments herein are equally applicable to the standard under 12(e). Rule 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  Such motions should not be granted if the complaint complies with the "short and plain statement" requirement of Federal Rule of Civil Procedure 8. *Zuppe v. Elite Recovery Servs., Inc.*, No. 3:05CV857 (JBA), 2006 WL 47688, at *1 (D. Conn. Jan. 5, 2006).

of action that is not plausibly plead by Plaintiff. The only allegations that Defendants refer to as "conclusory" are "the Defendants act as a common enterprise" and "Defendants act as a single entity." (Dkt. 22, herein "Mot." at 5). However, Defendants ignore all the allegations of the Complaint that support the supposed "conclusory" allegations. As alleged, a consumer purchasing an infringing product from Defendants will encounter the names AMTECH DIRECT, AMTECH MANUFACTURING, and AMTECH DISTRIBUTION on packaging and promotion. (*See, e.g.*, Dkt. 1 at ¶ 58, 59, 66; Dkts. 1-7, 1-14). There are many allegations that demonstrate the interconnectedness and interchangeability of the Defendants and their joint efforts in infringing Plaintiff's trademark:

- Defendant Optimal Services LLC, the terminated distributor of Plaintiff's AMTECH products, operates under d/b/a Amtech Direct and continues to sell products under the AMTECH mark at least through the www.amtechdirect.com website (which URL is provided on product packaging) (Dkt. 1 at ¶¶ 36, 44);

- Defendant Amtech Distribution LLC is identified as the contact for the www.amtechdirect.com website, (*id*. at ¶ 59), operates the Amazon Storefront selling infringing product, (*id*. at ¶ 75), and further is the entity identified as the shipper of products associated with co-Defendant's (Amtech LLC) trademark application (*id*. at ¶ 58);

- Defendant Amtech Manufacturing LLC is identified on the product packing bearing the infringing mark (*see* Dkt. 1-14);

- Defendant Amtech LLC filed a trademark application for Plaintiff's mark expressly claiming use in commerce of the mark AMTECH in connection with SMT products, submitting to the U.S. Trademark Office specimens of use identifying Defendant Optimal Services (Dkt. 1 at ¶¶ 48-52);

- Defendant Mark Miller has clearly been alleged to be the driving force behind the entirety of Defendants' actions. He is the Manager of Optimal (dkt. 1 at ¶ 32) and the Manager of New Mexico LLC (*id*. at ¶ 33). The New Mexico LLC is the sole member of the Manufacturing LLC. (*Id.* at ¶ 12). The Distribution LLC is also closely tied to the Defendants' operations (*see id*. at ¶¶ 56-59). Additionally, Plaintiff states in its discussion of the New Mexico LLC's trademark application that the specimens submitted in the applications are themselves assertions of inter-relatedness between the corporate defendants. (*Id*. at ¶ 54).

In the face of all the above allegations, Defendants' argument must fail. Plaintiff has clearly not come to the Court with only conclusions, it has alleged numerous facts to support what Defendants improperly designated as conclusory. Plaintiff's Complaint otherwise satisfies the threshold pleading requirements as discussed in more detail below.

> **B.** **As Plaintiff's Complaint Unambiguously States That All Counts Are Against All Defendants Acting as a Single Coordinated Entity, the Complaint Is Not A "Shotgun Pleading"**

A shotgun pleading has been described as one that makes "it virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Croons v. New York State Off. of Mental Health*, 18 F. Supp. 3d 193, 199 (N.D.N.Y. 2014). Plaintiff's Complaint is "a far cry from the rambling, confused pleadings described" in the cases cited by Defendants. *McCarter & English, LLP v. Jarrow Formulas, Inc.*, No. 3:19-CV-01124 (MPS), 2020 WL 5074303, at *4 (D. Conn. Aug. 27, 2020) (denying motion for a more definite statement).

The decision in *McCarter & English, LLP v. Jarrow Formulas, Inc.* is instructive. Just as the court in *McCarter* found, here "[t]here is no difficulty in discerning the target of the allegations." *McCarter*, 2020 WL 5074303 at *4. The pleading at issue in *McCarter* stated numerous (i.e., 130) general allegations organized chronologically, followed by (eight) separate counts, each labeled with a different theory of liability, and under each theory of liability the general allegations were repeated and realleged followed by several additional paragraphs of allegations pertinent to the particular theory of liability. *McCarter*, 2020 WL 5074303 at *4. The court found this structure more than sufficient to provide fair notice to the moving party of the claims against it, denied the motion dismiss on the ground that the pleading was in "shotgun" form and declined the request for a more definite statement. *Id*. The same should be found here. The Complaint in this case is organized in such a way that adequately provides notice to Defendants of the legal claims against them and the factual grounds on which they rest. There are 101

paragraphs of general allegations organized by subheading; the general allegations are followed by four counts each labeled with a different theory of liability.[2] Under each theory of liability, Plaintiff realleges the general allegations and then lists several additional paragraphs of allegations pertinent to that theory of liability. Thus, just as the pleading in *McCarter* was found sufficient, the present Complaint is also sufficient. Moreover, no authority has been cited that "a pleader need trace each factual finding to a particular legal theory." *McCarter* at *4. For the same reasons as set forth in *McCarter*, Defendants' motion should be denied.

For these reasons and for those set forth in the following sections, Defendants "can hardly argue that [they] lack fair notice of the claims" Plaintiff has alleged. *McCarter*, 2020 WL 5074303 at *4.

      **1.**    **Plaintiff's Complaint Complies With Rule 8(a)(2) By Providing Defendants Sufficient Notice Of The Claims Against Them And The Factual Bases Therefor**

Plaintiff's Complaint, in compliance with Rule 8, provides clear notice to Defendants as to the nature of the claims as well as the specific actions that Defendants have undertaken that give rise to each claim. That Defendants are claiming otherwise is simply bad faith.

In sum, Plaintiff's Complaint sets forth only four causes of action (trademark infringement, false advertising, cybersquatting, and violation of CUTPA) with easily identifiable facts relating to each cause. Plaintiff has stated relevant facts within each count and further incorporated additional facts as set forth in the general allegations as permitted by the Federal Rules. As discussed above, a complaint laid out in this fashion, complies with all applicable rules.

Defendants state that because the Complaint refers to Defendants both individually and collectively, they cannot be sure who is being accused of what. (Mot. at 5-6). This position is

---

[2] Precisely to clearly communicate Plaintiff's theory that defendants are a single entity.

disingenuous. First, as previously stated, Plaintiff is asserting all four counts against all Defendants. As noted above, this is explicitly stated in Paragraph 101 (the last general allegation). (Dkt. 1 at ¶ 101). Second, Plaintiff also alleges that Defendants act as a single entity (and appears as such to consumers), and Defendants explicitly acknowledge this allegation in their motion (Mot. at 5). Plaintiff's Complaint sets forth simple (and extensive) factual allegations to support these points. (*See supra* Section IV.A). That Defendants disagree with or do not like that Plaintiff has plead these facts does not mean that Plaintiff's Complaint fails to comply with the rules. Defendants' claim that Plaintiff is required to provide a legal theory in its pleading as to how or why Defendants should be treated as a single entity (Mot. at 6) is simply incorrect. *See Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004) (stating Second Circuit case law makes clear that providing "legal theories" is *not* a requirement of Rule 8). !

Defendants feign uncertainty as to how the four "separate" legal entities and the individual defendant can "complete any single transaction that results in use in commerce of any trademark," (Mot. at 5-6), but Defendants are missing the point. Regardless of whether Defendants agree or not, Plaintiff's allegations have clearly put Defendants on notice of the claims against them, provide Defendants with the factual bases for those claims, including on an individual and collective basis, and allege that Defendants operate as a single entity. (*See* allegations identified supra at Section IV.A). This is more than sufficient under Rule 8. Indeed, Rule 8 "permits great generality in the statement of the circumstances which form the basis of plaintiff's claim as long as defendants are given fair notice of the claim." *Dunlop–McCullen v. Local 1–S RWDSU–AFL–CIO*, No. 94 Civ. 1254(JSM), 1994 WL 478495, at *3 (S.D.N.Y. Sept. 1, 1994). It only "requires the pleader to disclose adequate information regarding the basis of his claim for relief as distinguished from a bare averment that he wants relief and is entitled to it." *Id*. (citing 5 Wright

& Miller, *Federal Practice & Procedure* § 1202 at 73 (2d ed.1990)).  The Complaint clearly exceeds the minimum requirements under Rule 8.

Instead, permitting the parties to move forward to discovery and development of the full factual record is appropriate here.  "When defendants have notice of the general nature of the claims against them, '[t]he preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings,' rather than to require plaintiffs to more specifically plead their causes of action."  *Greater New York Auto. Dealers Ass'n v. Env't Sys. Testing, Inc.*, 211 F.R.D. 71, 77 (E.D.N.Y. 2002) (internal citation omitted).

There is no doubt that the Complaint provides the required short and plain statement of the claims and factual basis underlying each, providing clear notice to Defendants of the nature of the claims brought against them.  Defendants' motion to dismiss based on violation of Rule 8(a)(2) should be denied.

## 2. Plaintiff's Complaint Complies with Rule 10(b)

Plaintiff's Complaint is also not deficient with respect to Rule 10(b).  In fact, it plainly satisfies Rule 10's requirements.  Plaintiff clearly has set forth its four causes of action in separate counts.  Federal Trademark Infringement, Federal False Advertising, Federal Cybersquatting, and Connecticut State Unfair Competition, (*see* Dkt. 1 at ¶¶ 102-114 (Count I); *Id*. at ¶¶ 115-127 (Count II); *Id*. at ¶¶ 128-143 (Count III); and *Id*. at ¶¶ 144-151 (Count IV)).  No analysis beyond this should be necessary to deny Defendants' motion on this ground.

It is not a violation of Rule 10(b), as Defendants suggest, to state a cause of action against more than one Defendant where the cause of action against all Defendants is based upon the same set of circumstances. *See Rizvi*, 2019 WL 4674658, at *6-*7 (rejecting defendants' argument that the failure to separate each cause of action against each defendant violated 10(b) where the complaint clearly charged *all defendants named in the complaint* with the same causes of action

based on the same set of facts). To the extent Defendants intend to argue that Rule 10(b) applies to individual factual allegations as opposed to the claims or causes of actions, Defendants fail to cite any support for such a contention.

Seeking to exploit its choice of an opaque corporate structure, Defendants argue that "it is necessary to separate out the allegations against each Defendant so that it is clear what transaction, and by which actor, gives rise to the alleged liability." (Dkt. 22, Mot. at 5). That is incorrect for purposes of responding to the Complaint. The Complaint makes clear that Defendants individually and collectively have taken actions that give rise to the claims alleged in the Complaint. All that is required at this time is that Defendants be placed on notice of the claims against them. Defendants will each have the opportunity to admit or deny the allegations when they file their answers. It can only be inferred that the present motion is made in a bad faith effort to delay.

Defendants cite *Jaddo v. Town & City of Stamford, Connecticut*, No. 3:21-CV-350 (OAW), 2022 WL 2168077 (D. Conn. June 16, 2022), in support of their request, however, *Jaddo* does not support Defendants' cause. First, *Jaddo* required a plaintiff to distinguish the capacity in which it brought each claim – either on its own behalf or as administrator of estate – because the legal implications were different. Second, *Jaddo* did not require allegations of *fact* to be separated, but rather required plaintiff to state in which capacity it brought each count against defendants. Here, consistent with *Jaddo*, Plaintiff has already stated that all claims are against all Defendants (dkt. 1 at ¶ 101). It is also worth noting that in *Jaddo*, the court stated that plaintiff must amend, but could bring each claim in either capacity, or in *both*. Therefore, *Jaddo* does not stand for the proposition that claims must be separated, but rather that they must be specified. While *Jaddo* dealt with specificity with regard to potential claimants, the same logic applies to specificity as to defendants. Here, Plaintiff has specified that it is bringing each count against *all* Defendants, satisfying the requirements of Rule 10(b). Further, Rule 10(c) explicitly permits incorporation by reference. Fed.

R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.").

Accordingly, Defendants fail to provide any basis for dismissal on this ground and their motion must be denied.

## V. CONCLUSION

Plaintiff's Complaint for the reasons set forth herein meets and exceeds the minimum pleading requirements of Rule 8(a)(2), satisfies Rule 10(b), and plausibly states a claim for relief under each theory of liability set forth therein and therefore Defendants' motion to dismiss on these grounds should be denied. Should the Court determine that Plaintiff's Complaint is deficient in any way, Plaintiff respectfully requests the Court provide it leave to amend in lieu of dismissal.

Dated: January 12, 2023                                    Respectfully Submitted,

                                                           LEASON ELLIS LLP

                                                           /s/ Lori Cooper
                                                           Lori Cooper (CT29133)
                                                           Karin Segall (CT31366)
                                                           Martin Schwimmer (CT31382)
                                                           One Barker Avenue, Fifth Floor
                                                           White Plains, NY 10601
                                                           Tel: (914) 288-8011
                                                           Fax: (914) 288-0023
                                                           Email: cooper@leasonellis.com;
                                                           segall@leasonellis.com;
                                                           schwimmer@leasonellis.com;
                                                           lelitdocketing@leasonellis.com

                                                           *Attorneys for Plaintiff*

11