UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INVENTEC PERFORMANCE CHEMICALS USA LLC,<br><br>Plaintiff,<br><br>v.<br><br>OPTIMAL SERVICES LLC, AMTECH MANUFACTURING LLC, AMTECH LLC, AMTECH DISTRIBUTION LLC, MARK MILLER, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:22-01252 (RNC)<br><br><br><br>JANUARY 26, 2022 |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS, OPTIMAL SERVICES LLC, AMTECH MANUFACTURING LLC, AMTECH LLC, AMTECH DISTRIBUTION LLC, AND MARK MILLER'S MOTION TO DISMISS**

i

## **TABLE OF CONTENTS**

TABLE OF CONTENTS .................................................................................................................. ii
TABLE OF AUTHORITIES ........................................................................................................... iii
   I.   INTRODUCTION ................................................................................................................ 1
   II.   PLAINTIFF HAS NOT PROPERLY PLED THAT DEFENDANTS ACT AS A COMMON ENTERPRISE ................................................................................................... 1
   III.   PLAINTIFF HAS NOT COMPLIED WITH RULE 8(a)(2) ............................................ 7
   IV.   CONCLUSION ................................................................................................................... 8
CERTIFICATION ........................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Appalachian Enterprises, Inc. v. ePayment Sols., Ltd.*,
  No. 01 CV 11502 (GBD), 2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004) .................................. 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ........................................................... 6

*F.T.C. v. Consumer Health Benefits Ass'n*,
  *No. 10 CIV. 3551 ILG RLM, 2012 WL 1890242 (E.D.N.Y. May 23, 2012)* ............................... 6

*F.T.C. v. Tax Club, Inc.*,
  994 F. Supp. 2d 461 (S.D.N.Y. 2014) ........................................................................................ 6

*Median v. Bauer*,
  No. 02 CIV 8837(DC), 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004) .......................................... 7

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*,
  No. 91 Civ. 2923 (CSH), 1994 WL 88129 (S.D.N.Y. Mar. 15, 1994) ....................................... 6

I.  INTRODUCTION

Plaintiff's opposition to the motion to dismiss relies on the so far unproven belief that the Defendants acted as a common enterprise and therefore, the allegations in the complaint do not need to specify which Defendant is responsible for which action. However, Plaintiff has failed to adequately plead facts to support its common enterprise theory. Because the complaint cannot support a finding that a common enterprise exists amongst the Defendants, the complaint must be dismissed because it fails to specify what act each Defendant is alleged of committing.

II.  PLAINTIFF HAS NOT PROPERLY PLED THAT DEFENDANTS ACTED AS A COMMON ENTERPRISE

Plaintiff's arguments in support of the adequacy of the complaint rest on the fact that the Defendants are alleged to act as a common enterprise. In its memorandum in opposition to the motion to dismiss, Plaintiff points only to the following allegations, which are included in the complaint, as support for its position that "the Defendants act as a common enterprise:"

1. Plaintiff Inventec Performance Chemicals USA LLC ("Inventec") is a Connecticut limited liability company with its principal place of business at 500 Main Street, Suite 18, Deep River, CT 06417. (Dkt. 1 at ¶ 1).

2. Upon information and belief, Defendant Optimal Services LLC dba Amtech Direct ("Optimal") is a limited liability company organized and existing under the laws of Florida, with its principal place of business at 312 Celebration Place, Kissimmee, Florida 34747 or 52 Riley Road, Unit 324, Kissimmee, Florida 34747. (Dkt. 1 at ¶ 2).

3. Upon information and belief, Defendant Amtech Manufacturing LLC (the "Manufacturing LLC") is a limited liability company organized and existing under the laws of Connecticut, with its principal place of business at 2389 Main Street, Ste. 100, Glastonbury, Connecticut 06033. (Dkt. 1 at ¶ 3).

4. Upon information and belief, Defendant Amtech LLC (the "New Mexico LLC") is a limited liability company organized and existing under the laws of New Mexico, with its principal place of business at 530-B Harkle Rd. Ste 100, Santa Fe, New Mexico 87505. (Dkt. 1 at ¶ 4).

5. Upon information and belief, Defendant Amtech Distribution LLC (the "Distribution LLC") is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 1041 N. Dupont Hwy, Dover, Delaware 19910. (Dkt. 1 at ¶ 5).

6. Upon information and belief, Defendant Mark Miller ("Miller") is an individual, with an address at 52 Riley Road, Celebration, Florida 34747. (Dkt. 1 at ¶ 6).

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367. (Dkt. 1 at ¶ 7).

8. This Court has personal jurisdiction over Defendants by virtue of their transacting, doing, and soliciting business in this state, related to the incidents giving rise to this dispute, namely their infringing use of the AMTECH trademark. (Dkt. 1 at ¶ 8).

9. As alleged in detail below, Optimal entered into a distribution agreement with Plaintiff, a Connecticut business, and has held itself out as a licensee of Plaintiff. Optimal and its manager, Miller, performed under that agreement from 2016 through September 2021. (Dkt. 1 at ¶ 9).

10. On information and belief, Optimal transacts business in this state, including by manufacturing and/or distributing infringing products in Connecticut, and selling

infringing products into Connecticut by means of, at a minimum, interactive ecommerce websites accessible in Connecticut. (Dkt. 1 at ¶ 10).

11. The Manufacturing LLC is a Connecticut company and has held itself out as the manufacturer of the Infringing Products, which products are sold into Connecticut and/or are manufactured in Connecticut. (Dkt. 1 at ¶ 11).

12. The New Mexico LLC has asserted that it has alleged trademark rights arising from Optimal's infringing activities that occurred in this state. Upon information and belief, the New Mexico, LLC is the sole member of the Manufacturing LLC, a Connecticut company. Furthermore, individual defendant Mark Miller is both the manager of the New Mexico LLC as well as the principal of Optimal. (Dkt. 1 at ¶ 12).

13. The Distribution LLC has identified itself on materials promoting the Infringing Products as doing business in Connecticut, and upon information and belief, transacts business in this state. (Dkt. 1 at ¶ 13).

14. Mark Miller, the manager of Optimal, entered into the distribution agreement with Plaintiff, performed duties pursuant to that contract in Connecticut, caused to be incorporated at least one Connecticut corporation improperly bearing the AMTECH trademark, and is the manager of the New Mexico LLC which claims rights arising from the infringing sales into Connecticut. (Dkt. 1 at ¶ 14).

15. Florida corporate records show Mark Miller as the Manager of Optimal. (*See* Exhibit C). (Dkt. 1 at ¶ 32).

16. The New Mexico LLC has admitted in a filing case pending before the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office that Miller is its Manager. (Dkt. 1 at ¶ 33).

17. Optimal has publicly acknowledged its role as a licensed distributor of Inventec. For example, it operates the website at www.amtechdirect.com (the "AD Website"), and noted on that website as recently as June 18, 2020 that "AMTECH DIRECT IS A LICENSED DISTRIBUTOR, NOT A SUBSIDIARY OF INVENTEC PERFORMANCE CHEMICALS USA." (Dkt. 1 at ¶ 36).

18. Despite termination of the Distribution Agreement, and without Inventec's authorization, upon information and belief, Defendant Optimal continued to hold itself out as Amtech Direct, and, in coordination with the other Defendants, continued to use the AMTECH mark in conjunction with the marketing, promotion, sale and offering of goods not originating with or authorized by Inventec in United States commerce. (Dkt. 1 at ¶ 44).

19. Mark Miller is the manager of the '626 applicant, the New Mexico LLC. (Dkt. 1 at ¶ 48).

20. The '626 Application was filed six weeks prior to Optimal's termination. (Dkt. 1 at ¶ 49).

21. The '626 Application in the name of the New Mexico LLC covers the same distributorship services for a range of SMT products Optimal provided pursuant to its agreement with Inventec, claiming rights for use of the mark covering the time period during which the Agreement was in effect. (Dkt. 1 at ¶ 50).

22. The '626 Application was not authorized or consented to by Inventec. Inventec has had no dealings with any entity named Amtech LLC and has never authorized this entity nor any third party to file any trademark application in its own name for the AMTECH trademark (nor to create a legal entity with "Amtech" in its business name). (Dkt. 1 at ¶ 51).

23. All of the specimens of use in the '626 Application depict use of the AMTECH mark made by or on behalf of Inventec. Accordingly, all rights arising from such use inure to the benefit of Inventec, and not the New Mexico LLC nor Optimal, nor to any entity other than

4

Inventec (which has been using the AMTECH trademark prior to any date identified in the '626 Application). (Dkt. 1 at ¶ 52).

24. Further tying the New Mexico LLC to Optimal was an additional Specimen of use, a packing slip from 2017 issued from a Celebration, Florida address of Optimal, using Optimal's dba, AMTECH DIRECT. As stated above, Optimal was the authorized distributor of Inventec in 2017 and on the day the '626 Application was filed, and therefore any rights arising from use of the AMTECH name by Optimal as a trading name or otherwise, inured to Inventec's benefit, pursuant to Optimal's then-agreement with Inventec (noting again that Optimal publicly acknowledged its status as a licensed distributor). (Dkt. 1 at ¶ 56).

25. Accordingly, neither Optimal nor the New Mexico LLC had a legal or contractual basis for asserting ownership in the AMTECH trademark in connection with the sale and distribution of SMT products depicted in the '626 Application. (Dkt. 1 at ¶ 57).

26. Additionally, with regard to the Defendant Distribution LLC, its ties to Miller, Optimal, and the New Mexico LLC, are illustrated by other specimens from the '626 Application. Shipping labels from May 2021 (again, within the period of the Agreement with Inventec), identify the sender as "Amtech Distribution" of Clinton, Connecticut . (Dkt. 1 at ¶ 58).

27. Furthermore, Optimal has used the name "Amtech Distribution" elsewhere – on the "contact us" page of the website at www.amtechdirect.com, where Optimal identifies its U.S. operation as Amtech® (sic) Distribution LLC. (Dkt. 1 at ¶ 59).

28. Upon information and belief, one or more of the Defendants controls the Twitter handle @amtechdirect. (Dkt. 1 at ¶ 75).

For purposes of this motion to dismiss, these allegations must be accepted as true. However, even accepting these allegations as true, Plaintiff has not met its burden of establishing the existence of a common enterprise. "In determining whether a common enterprise exists among a set of corporate defendants, courts consider a set of non-dispositive factors, including "whether they (1) maintain officers and employees in common, (2) operate under common control, (3) share offices, (4) commingle funds, and (5) share advertising and marketing." *F.T.C. v. Consumer Health Benefits Ass'n,* No. 10 CIV. 3551 ILG RLM, 2012 WL 1890242, at *5 (E.D.N.Y. May 23, 2012). The Complaint confirms that the corporate Defendants all have different offices, in different states. There is no allegation that there is common control of all Defendants. No allegation that they have employees in common. No allegation that they commingle funds. And no allegation that they share advertising or marketing. Of the factors to be considered by the Court in determining whether a common enterprise exists, the only thing that could support such a conclusion is that Mark Miller, an individual defendant, is also a manger of Defendants Amtech LLC and Optimal Services LLC. This simply does not meet the pleading standard under Rule 12(b)(6) to support the conclusory statement that "the Defendants act as a common enterprise."

In the absence of a common enterprise, the general rule applies that "pleadings are required to specify 'which defendant is alleged to have committed a particular … act,'" which this complaint fails to do. *F.T.C. v. Tax Club, Inc.*, 994 F. Supp. 2d 461, 469 (S.D.N.Y. 2014) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young,* No. 91 Civ. 2923 (CSH), 1994 WL 88129, at *15 (S.D.N.Y. Mar. 15, 1994)). Given that the Complaint does not state more than conclusions, which do not "nudge[] [the] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, at 570, 127 S. Ct.

6

1955, 167 L. Ed. 2d 929 (2007).

### III. PLAINTIFF HAS NOT COMPLIED WITH RULE 8(a)(2)

Plaintiff's opposition does not appreciate that the importance of Rule 8(a)(2) is to give notice to each defendant of the actions that gave rise to the causes of action. "A plaintiff fails to satisfy rule 8, where the complaint 'lump[s] all the defendants together and fail[s] to distinguish their conduct' because such 'allegations fail to give adequate notice to the [ ] defendants as to what they did wrong.'" *Appalachian Enterprises, Inc. v. ePayment Sols., Ltd.*, No. 01 CV 11502 (GBD), 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004) (quoting *Median v. Bauer,* No. 02 CIV 8837(DC), 2004 WL 136636, *6 (S.D.N.Y. Jan. 27, 2004)). *Appalachian Enterprise* is instructive in this regard. In *Appalachian Enterprises*, the complaint did not

> identify any particular defendant that committed any specific act of wrongdoing against plaintiff. Rather, the complaint simply attributes the wrongful acts as being committed collectively by the seventeen defendants. Moreover, the complaint fails to reveal the specific relationship, if any, that these defendants share. Plaintiff attempts to excuse its pleadings based on difficulties it encounters as a result of the defendants' alleged convoluted structure of their business practices and plans.

*Appalachian Enterprises, Inc.* at *7. As a result of these deficiencies, the *Appalachian Enterprises* Court dismissed the complaint "for failure to plead with the necessary specificity to state a proper cause of action." *Appalachian Enterprises, Inc.* at *9. The Court found the complaint "woefully inadequate" because it "lumps together all of the defendants in each claim without providing any factual allegations to distinguish their conduct" and dismissed the complaint in its entirety. *Id*.

The Appalachian *Enterprises* case is strikingly similar to the present case. The complaint in the present case does not clarify which defendant is responsible for each act and blames the lack of specificity on the Defendant's corporate structure or practices. Plaintiff's lack of specificity creates a situation in which Defendant's cannot adequately or effectively respond to

the allegations as it is unclear of what each Defendant is accused. The complaint should be dismissed for failure to clearly state a cause of action.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint pursuant to Federal Rules of Civil Procedure 8(a)(2), 10(b), and 12(b)(6) for failing to contain a short and plain statement of the claim showing that the pleader is entitled to relief and failure to state a claim upon which relief may be granted.

THE DEFENDANTS
OPTIMAL SERVICES LLC, AMTECH
MANUFACTURING LLC, AMTECH
LLC, AMTECH DISTRIBUTION LLC,
AND MARK MILLER
BY THEIR ATTORNEY

/s/ Stephen J. Curley/ct09821
Stephen J. Curley (ct #09821)
Law Offices of Stephen J. Curley, LLC
Six Landmark Square, Fourth Floor
Stamford, CT 06901
Telephone (203) 327-1317
Facsimile (203) 276-8768
Email: scurley@cur-law.com

**CERTIFICATION**

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a true and correct paper copy of the foregoing will be sent those indicated as non-registered participants via first class mail, postage prepaid, on this the 26th day of January, 2023:

Lori L. Cooper (ct29133)
One Barker Avenue, Fifth Floor
White Plains, NY 10601
Tel: (914) 288-8011
Fax: (914) 288-0023
Email: cooper@leasonellis.com
lelitdocketing@leasonellis.com
schwimmer@leasonellis.com
segall@leasonellis.com

                                                    /s/Stephen J. Curley
                                                    Stephen J. Curley