THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INVENTEC PERFORMANCE CHEMICALS USA LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>OPTIMAL SERVICES LLC, AMTECH MANUFACTURING LLC, AMTECH LLC, AMTECH DISTRIBUTION LLC, MARK MILLER, et al.,<br><br>*Defendants*. | Civil Action No. 3:22-01252 (RNC)<br><br>Filed: February 1, 2023 |

## RULE 26(F) REPORT ON THE PARTIES' PLANNING MEETING

<u>Date Complaint Filed</u>:  October 7, 2022

<u>Date Complaint Served</u>:  Waivers of service for each Defendant sent October 13, 2022

<u>Date of Defendants' Appearance</u>:  December 12, 2022

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on January 24, 2023. The participants were:

Lori Cooper, Martin Schwimmer, and Karin Segall for Plaintiff Inventec Performance Chemicals USA LLC

Stephen J. Curley for Defendants Optimal services LLC, Amtech Manufacturing LLC, Amtech LLC, Amtech Distribution LLC, Mark Miller.

### I. Certification

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

### II. Jurisdiction

### A. Subject Matter Jurisdiction

Plaintiff alleges violations of the Lanham Act, 15 U.S.C. 1125(a) and violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. 1125(d).  Plaintiff also alleges

violations of Connecticut Unfair Trade Practices Act.  Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over trademark actions) and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367 (pendant jurisdiction over related state law claims).

### B.  Personal Jurisdiction

Defendants are not challenging personal jurisdiction.

### III.   Brief Description of Case

**A.   Claims of Plaintiff's:**
On October 7, 2022, Plaintiff Inventec USA filed its Complaint against Defendants seeking injunctive relief and to recover damages for: (1) false designation of origin; (2) false advertising; (3) cybersquatting; and (4) violation of the Connecticut Unfair Trade Practices Act, under Conn. Gen. Stat 42-110 et seq. (CUTPA). *See* Dkt. 1.

**B.  Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendant/s**:
Given the pendency of Defendants' Motion to Dismiss, Defendants are not articulating any affirmative defenses, counterclaims, third party claims or cross claims at this time and reserve their right to bring them if necessary after adjudication of that motion.

### IV.   Statement of Undisputed Facts

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1. Defendant Optimal Services LLC is a Florida limited liability company.
2. Defendant Amtech Manufacturing LLC is a Connecticut limited liability company.
3. Defendant Amtech LLC is a New Mexico limited liability company.
4. Defendant Amtech Distribution LLC is a Delaware limited liability company.

### V.   Case Management Plan:

### A. Initial Disclosures

Initial disclosures will be served by February 10, 2023.

### B. Scheduling Conference

1. The parties do not request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

### C. Early Settlement Conference

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff(s) should be allowed until 30 days after the adjudication of the motion to dismiss to file motions to join additional parties and until a date to be set by Court following adjudication of the motion to dismiss to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

2. Defendant(s) should be allowed until 30 days after the adjudication of the motion to dismiss to file motions to join additional parties and until a date to be set by the Court following adjudication of the motion to dismiss to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

### E. Discovery

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

*Plaintiff's Position:*

While Plaintiff is not able to assess the full amount of its damages at this time, given the nature of the infringement (i.e., the same mark on the same goods and prior relationship of the parties), Plaintiff intends to seek actual damages, disgorgement of Defendants' profits, enhanced damages, and attorneys' fees.

*Defendants' Position (if different):*

Subject to the articulation of Plaintiff's position, if any, Defendants have no such information to impart.

b. The parties anticipate that discovery will be needed on the following subjects: [list each of the principal issues of fact on which discovery will be needed; a statement that, e.g., "discovery will be needed on liability and damages" is insufficient].

- Defendants' use of the AMTECH mark
- Defendants' revenue relating to the products sold under the AMTECH mark
- Defendants' ownership of the domains at issue
- Trademark application Serial No. 90/748,626
- Actual confusion in the marketplace.
- Defendants' communications with third parties regarding promotion of the infringing products.
- The nature and quality of Defendants' products sold under the AMTECH mark
- Potential third-party discovery
- Plaintiff's use of the AMTECH mark.
- Plaintiff's agreements related to the AMTECH mark.
- Plaintiff's policies related to the AMTECH mark.
- Plaintiff's standing to bring and maintain this action.
- Plaintiff's ownership of the AMTECH mark.

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by **February 1, 2023** and completed (not propounded) by **September 1, 2023**.

d. Discovery will not be conducted in phases, except to the extent that, as indicated by the schedule set forth below, the parties aim to complete fact discovery prior to expert discovery.

e. If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by.

f. The parties anticipate that the plaintiff will require not more than 10 depositions as contemplated by FRCP 30 and that the defendants will require not more than 10 depositions of fact witnesses. The depositions will commence by **April 3, 2023** and be completed by **June 16, 2023.**

g. The parties **will not** request permission to serve more than 25 interrogatories per party.

h. Plaintiff intends to call expert witnesses at trial. Defendants intend to call expert witnesses at trial.

i. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden

of proof by **June 30, 2023**. Depositions of any such experts will be completed by **September 1, 2023**.

j. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **August 4, 2023**. Depositions of such experts will be completed by **September 1, 2023**.

k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **June 30, 2023**.

l. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. [The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information [OR the parties have been unable to reach agreement on the procedures for the preservation, disclosure and management of electronically stored information. Following is the position of each party:]

The Parties have taken steps to preserve ESI and other discoverable evidence. The Parties agree to produce ESI (including email) in single page TIFF format (with the exception for non-standard document formats as noted below) or other agreed-upon standard production format with mutually practical load files (e.g., .dat, .opt etc.). The Parties shall work together to negotiate a stipulation on the protocols and forms of production, wherein the Parties agree to production to a requesting party via email or, should the size of production be too large to send via email, production via secure FTP site.

All reasonably available metadata fields for each ESI item shall also be provided, including where applicable and possible, the following existing metadata fields: Custodian; Email To; Email From; Email CC; Email BCC; Email Subject; Email Date Send; Email Time Sent; Starting Attachment Number; Ending Attachment Number; Starting Production Number; Ending Production; Document Author; Document Creation Date; Document Last Modified Date; File Name; MD5HASH; Text/OCR.  Excel files and electronic data in a non-standard format, such as video or audio files, shall be produced in native format. The files shall be named as the "Start Production Number" corresponding to a placeholder TIFF file.

The Parties agree to work together to establish a mutually convenient time to exchange logs of withheld documents.  The parties further agree that documents or ESI created after the filing of the complaint in this Action do not need to be logged.

m. Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information [OR: The parties have been unable to reach agreement on the procedures for the preservation, disclosure and management of such information. Following is the position of each party]:

The parties do not expect the volume of paper documents to be large.  The parties thus agree that paper documents should be reviewed and processed by the producing party in electronic form as single-page TIFF (or other agreed-upon standard format) with a corresponding load file.  Such documents should be rendered text searchable via OCR or other means.  Inspection of hard copy documents is permissible if production in electronic form would be overly burdensome.

n. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: the parties agree that the attached FRE 502(d) Order may be entered by the Court.

**F. Other Scheduling Issues**

The parties propose the following schedule for addressing other issues pertinent to this case [e.g., class certification, claim construction]:  **None**

**G. Summary Judgment Motions:**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before **October 6, 2023**.

**H. Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **December 8, 2023 or forty-five (45) days after denial of any summary judgment motion**.

**VI.    TRIAL READINESS**

The case will be ready for trial **not earlier than sixty (60) days after filing of joint trial memorandum**.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: February 1, 2023

 /s/ Lori Cooper
Lori Cooper (CT29133)
Karin Segall (CT31366)
Martin Schwimmer (CT31382)
One Barker Avenue, Fifth Floor
White Plains, NY 10601
Tel: (914) 288-8011
Fax: (914) 288-0023
Email: cooper@leasonellis.com;
segall@leasonellis.com;
schwimmer@leasonellis.com;
lelitdocketing@leasonellis.com

*Attorneys for Plaintiff*

Dated: February 1, 2023

 /s/ Stephen J. Curley
Stephen J. Curley (ct #09821)
Law Offices of Stephen J. Curley, LLC
Six Landmark Square, Fourth Floor
Stamford, CT 06901
Telephone (203) 327-1317
Facsimile (203) 276-8768
Email: scurley@cur-law.com

*Attorney for Defendants*