## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| INVENTEC PERFORMANCE CHEMICALS USA LLC,<br>*Plaintiff*,<br><br>v.<br><br>OPTIMAL SERVICES LLC, AMTECH MANUFACTURING LLC, AMTECH LLC, AMTECH DISTRIBUTION LLC, MARK MILLER, et al.,<br><br>*Defendants*. | Civil Action No. 3:22-01252 (RNC)<br><br><br><br><br><br>AUGUST 17, 2023 |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants OPTIMAL SERVICES LLC, AMTECH MANUFACTURING LLC, AMTECH LLC, AMTECH DISTRIBUTION LLC, and MARK MILLER (collectively referred to as "Defendants"), by and through their undersigned counsel, answer the Complaint filed by Plaintiff INVENTEC PERFORMANCE CHEMICALS USA LLC ("Plaintiff") (Doc. 1) as follows:

Defendants deny the allegations in the introductory paragraph and the "Nature of this Action" paragraph of Plaintiff's Complaint (Doc. 1).

### THE PARTIES

1. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint and therefore, deny all such allegations.

2. Defendants admit that Defendant Optimal Services LLC is a limited liability company organized and existing under the laws of Florida, with a principal place of business at 52 Riley

Road., Unit 324, Celebration, Florida 34747, otherwise Defendants deny the allegations in Paragraph 2.

3.   Defendants admit that Defendant Amtech Manufacturing LLC is a limited liability company organized and existing under the laws of Connecticut, with a principal place of business at 2389 Main Street, Ste. 100, Glastonbury, Connecticut 06033.

4.   Defendants admit that Defendant Amtech LLC is a limited liability company organized and existing under the laws of New Mexico, with its principal place of business at 530-B Harkle Rd. Ste 100, Santa Fe, New Mexico 87505.

5.   Defendants admit that Defendant Amtech Distribution LLC is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 1041 N. Dupont Hwy, Dover, Delaware 19910.

6.   Defendants admit that Defendant Mark Miller is an individual, with a mailing address at 52 Riley Road, Celebration, Florida 34747.

## JURISDICTION AND VENUE

7.   Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

8.   Defendants deny the allegations in Paragraph 8.

9.   Defendants admit that Optimal entered into an agreement with Plaintiff and performed under that agreement from 2016 to 2021, otherwise Defendants deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants admit that the New Mexico LLC is the sole member of the Manufacturing LLC, and that Mark Miller is both the manager of the New Mexico LLC and the principal of Optimal, otherwise Defendants deny the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants admit that venue is proper for this matter only in this judicial district.

## FACTS COMMON TO ALL COUNTS

17. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint and therefore, deny all such allegations.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint and therefore, deny all such allegations.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint and therefore, deny all such allegations.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint and therefore, deny all such allegations.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint and therefore, deny all such allegations.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint and therefore, deny all such allegations.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint and therefore, deny all such allegations.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint and therefore, deny all such allegations.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint and therefore, deny all such allegations.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint and therefore, deny all such allegations.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint and therefore, deny all such allegations.

29. Defendants admit that, in early 2016, Optimal Services LLC was doing business as Celebration Tech and that Mark Miller was the sole point of contact for Celebration Tech, otherwise Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants admit that Florida corporate records show Mark Miller as the Manager of Optimal.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint and therefore, deny all such allegations.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants admit that Optimal has temporarily acknowledged its role as a licensed distributor of Inventec. Defendants deny the remaining allegations in Paragraph 36, as the website www.amtechdirect.com speaks for itself.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants admit that Inventec authorized Optimal to distribute AMTECH branded products utilizing the AD Website, otherwise Defendants deny the allegations in Paragraph 38.

39. Defendants admit that on or about August 18, 2021, Plaintiff sent a letter to Optimal (with attention to Mark Miller) regarding termination of a distribution agreement.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants admit that on or about August 18, 2021, Plaintiff sent a letter to Optimal (with attention to Mark Miller) regarding termination of a distribution agreement. Defendants deny the remaining allegations in Paragraph 43, as the referenced letter speaks for itself.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants admit that Defendants do not own a United States trademark registration and admit that the AMTECH Mark followed by the ® symbol has been used on the AD Website.

46. Defendants admit that the New Mexico LLC (AMTECH LLC) filed a trademark application with the United States Patent and Trademark Office for the AMTECH Mark, U.S. Serial No. 90/748,626, otherwise Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants admit that Mark Miller is the Manager of the New Mexico LLC (AMTECH LLC) and '626 Applicant.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants admit that that '626 Application covered distributorship services, otherwise Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants admit that Inventec has opposed the '626 Application in a proceeding before the United States Trademark Trial and Appeal Board, Opposition No. 91276646, and that the opposition proceeding is pending.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58, as the referenced specimens from the '626 Application speak for themselves.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants admit that the claimed first use date in the '626 Application is October 20, 2016, otherwise Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants admit that on or about August 18, 2021, Plaintiff sent a letter to Optimal (with attention to Mark Miller) regarding termination of a distribution agreement. Defendants deny the remaining allegations in Paragraph 63, as the referenced letter speaks for itself.

64. Defendants deny the allegations in Paragraph 64, as the referenced appendix to the referenced letter speaks for itself.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants admit that the font and color on the labels for the product images depicted for NC-559-V3-TF are similar, otherwise Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 68 of the Complaint and therefore, deny all such allegations.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants admit that one or more of the Defendants control the domain name and operate website at amtechdirect.com.

71. Defendants admit that one or more of the Defendants controls the domain name at amtechsolder.com, which redirects to amtechdirect.com.

72. Defendants deny the allegations in Paragraph 72, as the referenced website speaks for itself.

73. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 73 of the Complaint and therefore, deny all such allegations.

74. Defendants admit that one or more of the Defendants controls the Facebook page https://www.facebook.com/amtechdirect.

75. Defendants admit that one or more of the Defendants controls the Twitter handle @amtechdirect.

76. Defendants admit the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77, as the referenced Amazon Storefront speaks for itself.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83, as the referenced product review speaks for itself.

84. Defendants deny the allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85, as the referenced video speaks for itself.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 85, as the referenced video speaks for itself.

89. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 89 of the Complaint and therefore, deny all such allegations.

90. Defendants admit that the TCRS Video is embedded on the website amtechdirect.com/blogs/news, otherwise Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants admit the allegations in Paragraph 93.

94. Defendants admit that one or more of the Defendants communicated with influencers and supplied influencers with products for review, otherwise Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants admit that Defendants did not respond to the letter sent by Inventec on July 11, 2022 addressed to Mark Miller, otherwise Defendants deny the allegations in Paragraph 98.

99. Defendants deny the allegations in Paragraph 99.

100.     Defendants deny the allegations in Paragraph 100.

101.     Defendants deny the allegations in Paragraph 101.

**COUNT 1 – False Designation of Origin Under 15 U.S.C. § 1125(a)**

102.     Defendants incorporate by reference their responses in paragraphs 1-101.

103.     Defendants deny the allegations in Paragraph 103.

104.     Defendants deny the allegations in Paragraph 104.

105.     Defendants deny the allegations in Paragraph 105.

106.     Defendants admit that one or more of the corporate Defendants' business names include AMTECH, otherwise Defendants deny the allegations in Paragraph 106.

107.     Defendants deny the allegations in Paragraph 107.

108.     Defendants deny the allegations in Paragraph 108.

109.     Defendants deny the allegations in Paragraph 109.

110.     Defendants deny the allegations in Paragraph 110.

111.     Defendants deny the allegations in Paragraph 111.

112.     Defendants deny the allegations in Paragraph 112.

113.     Defendants deny the allegations in Paragraph 113.

114.     Defendants deny the allegations in Paragraph 114.

## COUNT II – False Advertising Under 15 U.S.C. § 1125(a)

115.     Defendants incorporate by reference their responses in paragraphs 1-114.

116.     Defendants admit that the TCRS Video is embedded on the website amtechdirect.com, otherwise Defendants deny the allegations in Paragraph 116. The TCRS Video speaks for itself.

117.     Defendants deny the allegations in Paragraph 117.

118.     Defendants deny the allegations in Paragraph 118.

119.     Defendants deny the allegations in Paragraph 119.

120.     Defendants deny the allegations in Paragraph 120.

121.     Defendants deny the allegations in Paragraph 121.

122.     Defendants deny the allegations in Paragraph 122.

123.     Defendants deny the allegations in Paragraph 123.

124.     Defendants deny the allegations in Paragraph 124.

125.     Defendants deny the allegations in Paragraph 125.

126.     Defendants deny the allegations in Paragraph 126.

127.     Defendants deny the allegations in Paragraph 127.

## COUNT III – Violation of the Federal Anti-Cybersquatting Consumer Protection Act Under 15 U.S.C. § 1125(d)

128.     Defendants incorporate by reference their responses in paragraphs 1-127.

129.       Defendants admit to ownership and control of the domain name amtechdirect.com and Defendants admit that the website identifies the Defendant Amtech Distribution LLC under the page labeled "Contact Us", otherwise Defendants deny the allegations in Paragraph 129.

130.       Defendants admit the allegations in Paragraph 130.

131.       Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 131 of the Complaint and therefore, deny all such allegations.

132.       Defendants deny the allegations in Paragraph 132.

133.       Defendants deny the allegations in Paragraph 133.

134.       Defendants deny the allegations in Paragraph 134.

135.       Defendants admit the allegations in Paragraph 135.

136.       Defendants deny the allegations in Paragraph 136.

137.       Defendants deny the allegations in Paragraph 137.

138.       Defendants deny the allegations in Paragraph 138.

139.       Defendants deny the allegations in Paragraph 139.

140.       Defendants deny the allegations in Paragraph 140.

141.       Defendants deny the allegations in Paragraph 141.

142.       Defendants deny the allegations in Paragraph 142.

143.       Defendants deny the allegations in Paragraph 143.

**COUNT IV – Violation of the Connecticut Unfair Trade Practices Act**

144.       Defendants incorporate by reference their responses in paragraphs 1-143.

145.       Defendants deny the allegations in Paragraph 145.

146.       Defendants deny the allegations in Paragraph 146.

147.       Defendants deny the allegations in Paragraph 147.

148.        Defendants deny the allegations in Paragraph 148.

149.        Defendants deny the allegations in Paragraph 149.

150.        Defendants deny the allegations in Paragraph 150.

151.        Defendants deny the allegations in Paragraph 151.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants request that this Court enter an order in favor of the Defendants and that the Plaintiff takes nothing by way of its Complaint and award Defendants their costs and reasonable attorneys' fees, and for all other relief just and proper in the premises.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

Defendants, without prejudice to the above averments and denials, hereby assert the following defenses to the Plaintiff's Complaint. Defendants reserve the right to amend their Answer to include additional affirmative defenses and other defenses and counterclaims consistent with the facts in this case as discovery proceeds.

**FIRST AFFIRMATIVE DEFENSE – Unclean Hands**

Plaintiff's recovery, if any, is barred by the doctrine of unclean hands. Plaintiff made several misrepresentations to Defendants that it was a manufacturer of certain products and Plaintiff falsely advertised certain products, causing Defendants to rely to their detriment.

**SECOND AFFIRMATIVE DEFENSE – Abandonment**

Plaintiff's recovery, if any, is barred due to Plaintiff's express and implied abandonment of any rights to the AMTECH Mark and Product Trademarks.

**THIRD AFFIRMATIVE DEFENSE – License**

Plaintiffs' claims are barred because Defendants were given a license to use the AMTECH Mark and Product Trademarks.

12

**FOURTH AFFIRMATIVE DEFENSE – Generic Marks**

Plaintiffs' claims are barred as the AMTECH mark and Product Marks have become generic through excessive third-party use.

**FIFTH AFFIRMATIVE DEFENSE – Failure to Mitigate Damages**

Plaintiff failed to mitigate the damages purportedly incurred in connection with Defendants' actions. Plaintiff was aware of Defendants' alleged conduct long before it filed its Complaint (Doc. 1). Specifically, Plaintiff sent Defendants a letter on August 18, 2021 to formally terminate any agreement between the parties and demanding that Defendants Optimal cease any sales of Plaintiff's products and cease use of the AMTECH Mark. Plaintiff waited nearly 14 months to file its Complaint. Given this delay, Plaintiff failed to mitigate its damages.

**SIXTH AFFIRMATIVE DEFENSE – Laches and Estoppel**

Plaintiff's claims are barred due to the doctrines of laches and estoppel. Plaintiff's unduly delayed, without justification or excuse, filing the instant Complaint and said delay caused Defendants to rely to their detriment.

**JURY DEMAND**

Defendants hereby demand a trial by jury on all issues.

THE DEFENDANTS
OPTIMAL SERVICES LLC, AMTECH
MANUFACTURING LLC, AMTECH
LLC, AMTECH DISTRIBUTION LLC,
AND MARK MILLER
BY THEIR ATTORNEY

/s/ Stephen J. Curley/ct09821
Stephen J. Curley (ct09821)
Law Offices of Stephen J. Curley, LLC
Six Landmark Square, Fourth Floor
Stamford, CT 06901
Telephone (203) 327-13117
Facsimile (203) 276-8768
Email: scurley@cur-law.com

CERTIFICATION

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a true and correct paper copy of the foregoing will be sent those indicated as non-registered participants via first class mail, postage prepaid, on this the 17th day of August, 2023:

Lori L. Cooper, Esq.
Martin B. Schwimmer, Esq.
Karin Segall, Esq.
One Barker Avenue, Fifth Floor
White Plains, NY 10601
Tel: (914) 288-8011
Fax: (914) 288-0023
Email: cooper@leasonellis.com
lelitdocketing@leasonellis.com
schwimmer@leasonellis.com
segall@leasonellis.com

/s/Stephen J. Curley
Stephen J. Curley